# PONCE & GUAYAMA RAILROAD COMPANY, Complainant,

*v.*

# AMERICAN RAILROAD COMPANY OF PORTO RICO, Dft.

---

San Juan, Law, No. 1043.

### ON OBJECTION TO EVIDENCE.

Evidence—Contract.
    1. Anything that shows how the parties to a contract regarded it before its term had expired, and any statement by the proper representative of either party afterwards before suit brought, is admissible in evidence.

Evidence—Contract.
    2. Where a contract is entered into for one year and then for a second and third year, anything done under the second and third year contracts throws no light upon the construction of the contract of the first year, even if the terms of the first contract were adopted by the second and third contracts, on account of not being contemporary construction, and is inadmissible.

Opinion filed January 4, 1916.

Ponce & G. R. Co. v. American R. Co.

*Mr. Chas. Hartzell* for complainant.

*Mr. Francis H. Dexter* for defendant.

HAMILTON, Judge, delivered the following opinion:

As I understand the facts developed, there was a contract made between two railroad companies for one year by its terms, and this suit is about a certain claim between the parties arising out of that contract for this one year. Anything that shows how the parties regarded it during that year would be legitimate in this case. Any statement by the proper representative of either party afterwards before suit brought would be considered as an admission so far as relates to this contract. But the fact that the parties made a new contract for another year, adopting the terms of the old contract, and did the same thing for a third year, and that the third year they made a settlement, I do not think throws any light upon the proper construction of the contract for the first year, because by its terms each contract is for one year, and what was done under a subsequent contract would throw no light upon the proper construction of the first. It would not be a contemporary construction of the first-year contract. Of course I understand that the matter is somewhat complicated by the fact that the terms of these different contracts were largely the same; but if we are to go into the matter of a contract for a third year when the controversy here is only as to the contract for the first year, it would open the door to all sorts of extensions, and we would be getting off on collateral issues. It seems to me that this controversy is about a contract for the year 1911, and what was done under a subsequent con-

tract would not be proper in this case, more particularly as 1 understand there is another suit as to the second year.

The objection is sustained.